# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM, | ) Case Nos. CF 0402-11, CF 0601-11 |
| | ) |
| | ) |
| vs. | ) |
| | ) DECISION AND ORDER ON |
| | ) DEFENDANT SARDOMA'S MOTION |
| MATEO BLANCO SARDOMA, JR., | ) TO DISMISS [SPEEDY TRIAL |
| RUDY PAUL HERNANDEZ SABLAN, | ) VIOLATION] |
| and MARIA CRISTINA P. EDROSA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena III on September 29, 2014 on Defendant Sardoma's Motion to Dismiss [Speedy Trial Violation]. Attorney Curtis C. Van de veld represents Defendant Sardoma and Assistant Attorney General James C. Collins represents the Government. For the reasons set forth below, the Court denies Defendant's Motion.

## BACKGROUND

On August 9, 2011, a Guam grand jury returned an Indictment (First Guam Indictment) against Defendant in relation to alleged drug possession and importation. On November 4, 2011, a Guam grand jury returned an Indictment (Second Guam Indictment and, collectively, Guam Indictments) against Defendants in relation to alleged drug possession, gun possession, kidnapping, assault, and criminal enterprise. On February 15, 2012, a federal grand jury returned an Indictment (Federal Indictment) against Defendants also in relation to an alleged criminal enterprise.



On January 28, 2014, Defendant asserted his right to a speedy trial and filed his Motion to Dismiss Charges and Case with respect to the Guam Indictments; Defendant failed to file the requisite notice of hearing. On January 30, 2014, a co-defendant joined Defendant's Motion to Dismiss Charges and Case. On February 24, 2014, the Court received the requisite Notice from Defendant. On February 25, 2014, the Government filed its Opposition to Defendant Mateo B. Sardoma's Motion to Dismiss Charges and Case. On March 7, 2014, the matter was set for hearing. On April 29, 2014, the Court heard oral argument and took the matter under advisement. On July 28, 2014, the Court issued its Decision and Order denying the Motion to Dismiss Charges and Case.

On September 3, 2014, Defendant filed his Motion as to the Guam Indictments. Pursuant to 8 GCA § 80.60, Defendant contends that the Court "should dismiss the Indictment[s] in this matter for lapse of Defendant's Speedy Trial right." In particular, Defendant argues that his prior Motion to Dismiss Charges and Case—in which he sought dismissal on double jeopardy grounds—did not toll the speedy trial clock until after the Court set the matter for hearing. As a result, Defendant concludes, he was not brought to trial within forty-five days of arraignment per 8 GCA § 80.60(a)(2).

On September 12, 2014, the Government filed its Opposition to Motion to Dismiss [Speedy Trial Violation]. The Government maintains that there is no violation of the statutory forty-five day period because "[t]he period where a defense motion is 'pending' generally runs from when the motion is filed with the court" and Defendant "did not file a notice of motion form along with his motion to dismiss on the basis of double jeopardy, nor did he take advantage of any other device to accelerate the calendaring of his motion."

On September 29, 2014, the Court heard oral argument and took the matter under advisement.

## DISCUSSION

The instant motion concerns whether Defendant's speedy trial clock tolled during the pendency of his previous motion to dismiss. The applicable statute, 8 GCA § 80.60(a)(2), provides that the Court "shall dismiss a criminal action if the trial of a defendant, who is in custody at the time of his arraignment, has not commenced within forty-five (45) days after his arraignment." The statute further provides:

> (b) A criminal action shall not be dismissed pursuant to Subsection (a) if:
>
> > (1) The action is set on a date beyond the prescribed period upon motion of the defendant or with his consent, express or implied, and he is brought to trial on the date so set or within ten (10) days thereafter;
> > (2) The defendant failed to appear for trial and he is brought to trial within thirty (30) days following his next appearance in the trial court; or
> > (3) Good cause is shown for the failure to commence the trial within the prescribed period.

The Court issued its Decision and Order within the time standards set forth in Administrative Rule No. 13-003 and, in any event, Defendant does not object to the period during which the matter was under advisement. Defendant, rather, objects on the basis of the period from when he filed the Motion to Dismiss Charges and Case until the matter was set for hearing. Defendant offers no authority, however, from 8 GCA § 80.60 or case law to support his contention that the speedy trial clock does not toll upon a defendant's filing of a motion. See Data Mgmt. Res., LLC v. Office of Pub. Accountability, 2013 Guam 27, ¶ 17 (a statute's plain meaning prevails absent legislative intent to the contrary); Sumitomo Const., Co. v. Guam, 2001 Guam 23, ¶ 17 (plain language must be followed unless "the result would lead to absurd or impractical consequences, untenable distinctions, or unreasonable results"). Indeed, it would be an absurd result not to toll the speedy trial clock upon the Defendant's filing of the motion. For example, the speedy trial clock would continue to run while the Government formulates an opposition, without respect to the proximity of trial. Under such circumstances, the Government would have a strong incentive for matters to be promptly set for hearing, notwithstanding the fact that the Defendant-as-movant is the party required to submit a notice of hearing. The Court declines to attach such significance to the date on which a matter is set for hearing.

Considering the plain language of the statute as well as the Court's duty "[t]o provide for the orderly conduct of proceedings," 7 GCA § 7107, the Court concludes that the most reasonable approach to tolling under 8 GCA § 80.60 is that the filing of a motion tolls the statutory speedy trial clock. Although the Guam Supreme Court has yet to explicitly adopt this approach, the Supreme Court has declined to divert from precedent in which the Appellate Division "excluded the period of time during which motions were pending" by relying on the

Federal Speedy Trial Act, 18 USC § 3161(h)(1)(F), which tolls the statutory speedy trial clock for delay resulting from any pretrial motion. See People v. Nicholson, 2007 Guam 9, ¶ 14, n. 3 (citing People v. Ibanez, 1992 WL 97221 at *2-*3 (D. Guam App. Div. Apr. 16, 1992)). Accordingly, the speedy trial clock tolled from January 28, 2014 to this Court's Decision and Order of July 28, 2014. Less than forty-five days have elapsed from that Decision and Order to the filing of the instant motion on September 3, 2014.

Although, as set forth above, forty-five days have yet to elapse with respect to Defendant's statutory speedy trial clock, the Court nonetheless will address the "good cause" exception set forth in 8 GCA § 80.60(b)(3) on the assumption that the Court failed to commence the trial within the prescribed period. "[W]hether there is good cause for delay depends on the facts and the circumstances of each case, and there is no bright-line rule for how much time a court may reasonably take to consider a motion." Quinata v. Superior Court of Guam, 2010 Guam 8, ¶ 36 (citing Nicholson, 2007 Guam 9, ¶ 13). "Generally, a defendant must accept some reasonable delay as a consequence of filing a motion, but unreasonable delay does not toll [8 GCA § 80.60]." Nicholson, 2007 Guam 9, ¶ 26.

Here, Defendant initiated the delay by filing the motion to dismiss and contributed to further delay by failing to submit a notice of hearing. Moreover, if the Court granted the motion, Defendant would have benefitted through dismissal of all charges against him. Because Defendant caused, contributed, and could have benefitted from the delay, and in light of the particular facts and circumstances presented, the Court deems any delay reasonable and finds good cause within the meaning of 8 GCA 80.60. See Guam v. Flores, 2009 Guam 22, ¶ 40 (citing Nicholson, 2007 Guam 9, ¶ 14). The Court concludes, therefore, that Defendant's statutory right to a speedy trial under 8 GCA § 80.60 was not violated.

## CONCLUSION

In light of the foregoing, the Court DENIES Defendant Sardoma's Motion to Dismiss [Speedy Trial Violation].

**IT IS SO ORDERED** this day of December 23, 2014.

VIA COURT
I a ___ edge that a copy of the
on ___ al hereto was placed in the
court box of:

Date: ___ Time: ___

HONORABLE ALBERTO C. LAMORENA III
Presiding Judge, Superior Court of Guam

Page 4 of 4